COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-200-CR
 
GARY LYNN STEWART           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
    STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
A jury found Appellant Gary
Lynn Stewart guilty of aggravated sexual assault of a child and assessed his
punishment at confinement for life and a $10,000 fine. In a single point on
appeal, Stewart contends that the trial court erred by "denying the
defendant a hearing outside the presence of the jury on the search and seizure
objections in order to allow the defense to demonstrate the illegality of the
search." We will affirm.
In order to complain on appeal about the trial court's failure to
conduct a hearing or other inquiry, the party must have requested the hearing
unless the rule, statute, or other law conferring the right to a hearing
provides that the trial court has a duty to sua sponte conduct one. McGinn
v. State, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998). Here, Stewart did not
file a motion to suppress(2) or ask the trial
court to conduct a hearing outside the presence of the jury on the legality of
the search. Stewart does not cite any rule, statute, or other law requiring the
trial court to sua sponte conduct a hearing outside the presence of the jury
when appellant objects to the introduction of the fruits of a search nor are we
aware of any such rule, statute, or law. Consequently, this issue is not
preserved for our review. See Tex. R. App. P. 33.1; McGinn,
961 S.W.2d at 165. Moreover, Stewart does not challenge the issuance of the
search warrant that expressly authorized police to search his room for
"Video Tapes, Sexual Aid Devices, Magazines, Photographs, Undeveloped Film,
Negatives, Personal Papers and Writings." Consequently, any illegality of
the seizure of video tapes made pursuant to the search warrant is not before us.
We overrule Stewart's sole point and affirm the trial court's judgment.
 
          
           
           
           
           
        SUE
WALKER
          
           
           
           
           
        JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 17, 2003

1. See Tex. R. App. P. 47.4.
2. We do not hold that a motion to suppress is required to
preserve this issue, but it is certainly one vehicle available to the defendant
to apprize the trial court of his desire for a hearing outside the jury's
presence regarding the legality of the search.